IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:01CR36 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN P. HOWELL, | ) | |
| | ) | |
| Defendant, | ) | |

This matter is before the court on Filing No. 50, the "Motion to Vacate Sentence and Conviction Pursuant to Title 28 U.S.C. § 2255" ("§ 2255 motion") filed by defendant, John P. Howell. The government has filed an answer, Filing No. 53, to the § 2255 motion.

As set forth in Count I of the indictment:

From on or about March 22, 1999, until on or about February 2001, in the District of Nebraska, the defendant, JOHN P. HOWELL, did willfully and knowingly combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute at least 50 but less than 500 grams of a mixture of substance containing a detectible amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1),

In violation of Title 21, United States Code, section 846.

Counts II and III were dismissed by the United States at the time of the sentencing. Filing No. 43. On July 3, 2001, the defendant pled guilty to Count I of the indictment charging him with possession and intent to distribute methamphetamine. The defendant was sentenced by the court on October 1, 2001, for a term of 60 months' imprisonment,

followed by five years of supervised release. Filing Nos. 43, 44. No direct appeal was filed and this is the defendant's first motion pursuant to 28 U.S.C. § 2255.

## § 2255 CLAIMS

In his § 2255 petition and accompanying brief, the defendant raised the following claims: (1) defendant should not have received a criminal history enhancement for committing the instant offense while on probation; (2) defendant should not have received an enhancement for possession of a firearm in connection with this offense; (3) the quantity of the drugs at issue should be 50-200 grams of methamphetamine as specified in the plea agreement; and (4) the defendant's criminal history category should have been set at Zone D, Category I.

It is important to note that a majority of these issues should have been raised on direct appeal. However, even if they are properly before the court, they are without merit in any event as hereinafter set forth. The defendant first asserts he should not have received a criminal history enhancement for committing the instant offense while on probation. Filing No. 50. Defendant claims he was not on probation during the relevant time period. *Id.* After reviewing the record, the court sustained the defendant's objection to the criminal history enhancement. Statement of Reasons for Sentence Imposed at 2. There was no enhancement in this case and the claim for relief is denied.

Second, the defendant claims that he received an enhancement for possession of a firearm. Filing No. 50. However, the record shows this court sustained the defendant's objection to the enhancement. Statement for Reasons for Sentence Imposed at 2. This court concludes there was no enhancement and the defendant's claim for relief is denied.

Next, the defendant asserts that he was held responsible for more than 200 grams of methamphetamine. Filing No. 50. However, the court sustained the defendant's objection to the quantity. Statement for Reason for Sentence Imposed at 2. As set forth in the plea agreement, the defendant's sentencing was based on the defendant being accountable for at least 50 grams, but less than 200 grams of methamphetamine. Filing No. 29. This is the specific quantity the defendant claims he should be held accountable for in his § 2255 motion. Therefore, this court finds the defendant's claim is denied.

The defendant also asserts that his criminal history category should be a Category I. "The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding." *Day v. United States,* 428 F.2d 1193, 1195 (8th Cir. 1970), *quoting Kress v. United States,* 411 F.2d 16, 20 (8th Cir. 1969). The defendant has failed to establish that these convictions were incorrectly counted or a reasoning for why he should be granted a criminal history category of I. The defendant was convicted in 1996 for attempted possession of methamphetamine and a second conviction in 1999 for third-degree assault. Both of these convictions were properly counted in order to determine the defendant's criminal history to be a level II. In addition, as previously stated, the defendant did not file any objections to these convictions prior to the sentencing, nor were any objections filed on direct appeal. Furthermore, this court concludes that the defendant is not entitled to a safety valve reduction based on the defendant's prior two convictions. United States Sentencing Guideline § 5AC1.2, 18 U.S.C. 3553(f).

THEREFORE, IT IS ORDERED:

1. That the defendant's "Motion to Vacate Sentence and Conviction Pursuant to Title 28 U.S.C. § 2255," Filing No. 50, is denied.

2. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order

DATED this 12th day of August, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge